ADAM PAUL LAXALT
Attorney General
BENJAMIN R. JOHNSON
Deputy Attorney General
Nevada Bar No. 10632
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1254
E-mail:  bjohnson@ag.nv.gov

*Attorneys for Defendants Romeo Aranas, Bruce Bannister, Marsha Johns, and Jonathan Perry*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM WYNN TINGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No.  3:14-cv-00358-MMD-VPC<br><br>**ANSWER TO AMENDED COMPLAINT**<br>**(Jury Demand)** |

Defendants, Romeo Aranas, Bruce Bannister, Marsha Johns, and Jonathan Perry, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Benjamin R. Johnson, Deputy Attorney General, hereby answer Plaintiff's Amended Civil Rights Complaint (#43) as follows:

**A.    JURISDICTION**

1.    Defendants admit Plaintiff Adam Wynn Tingley (hereinafter "Plaintiff") is presently incarcerated at Warm Springs Correctional Center ("WSCC") in Carson City, Nevada.  Defendants deny Plaintiff's civil rights were violated at any time or in any manner.

2.    Defendants admit that Dr. Bruce Bannister was employed by the Nevada Department of Corrections ("NDOC") as Medical Director.  Defendants deny any and all remaining allegations in this paragraph.

3. Defendants admit that Dr. Romeo Aranas is employed by the Nevada Department of Corrections ("NDOC") as Medical Director. Defendants deny any and all remaining allegations in this paragraph.

4. Defendants admit that Jonathan Perry is employed by the Nevada Department of Corrections ("NDOC") as Director of Nursing at Northern Nevada Correctional Center ("NNCC"). Defendants deny any and all remaining allegations in this paragraph.

5. The identity of defendant Jane Doe #1 has not been identified and this party is not represented by the Attorney General's Office and therefore no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

6. The identity of defendant John or Jane Doe #1 has not been identified and this party is not represented by the Attorney General's Office and therefore no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

7. Defendants admit that Dr. Marsha Johns is employed by the Nevada Department of Corrections ("NDOC") as a medical doctor at Northern Nevada Correctional Center ("NNCC"). Defendants deny any and all remaining allegations in this paragraph.

8. The identity of defendant John or Jane Doe #1 Bookkeeper has not been identified and this party is not represented by the Attorney General's Office and therefore no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

9. Defendants admit that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis.

**B.   NATURE OF THE CASE**

1. Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in the Nature of the Case" section on page 3 and therefore deny any and all allegations in this paragraph.

///

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

**C.     CAUSE OF ACTION**

   **COUNT I:     DENY**

   Defendants admit Plaintiff has rights under the Eighth Amendment of the United States Constitution.  Defendants deny those rights, or any right owed to Plaintiff was violated at any time or in any manner.  Defendants deny any and all other allegations set forth in this paragraph.

   **SUPPORTING FACTS:**

   Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in Count I on page 4 and therefore deny any and all allegations in these paragraphs.

   **COUNT II:     DENY**

   Defendants admit Plaintiff has rights under the Fourteenth Amendment of the United States Constitution.  Defendants deny those rights, or any right owed to Plaintiff was violated at any time or in any manner.  Defendants deny any and all other allegations set forth in this paragraph.

   **SUPPORTING FACTS:**

   Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in Count II on page 7 and therefore deny any and all allegations in these paragraphs.

**D.     PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

   1.     Defendants are without knowledge to admit or deny, and deny on that basis.

   2.     Defendants are without knowledge to admit or deny, and deny on that basis.

   3.     Defendants are without knowledge to admit or deny, and deny on that basis.

**E.     REQUEST FOR RELIEF**

   Defendants deny Plaintiff is entitled to any of the relief sought in the Amended Complaint at page 10.

**F.     ADDITIONAL ALLEGATIONS**

   Furthermore, as to any remaining allegations contained in the Amended Complaint in Exhibit A on pages 11-13, not specifically admitted or denied hereinabove, these Defendants hereby deny all such allegations.

**G.     AFFIRMATIVE DEFENSES**

Defendants, individually and collectively, also assert the following Affirmative Defenses:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendants were not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

3. This action is time-barred by applicable statutes of limitations.

4. Defendants at all relevant times acted in good faith toward Plaintiff, therefore, Defendants are entitled to qualified good faith immunity from damages.

5. Defendants are entitled to qualified and absolute immunity.

6. At all relevant times herein, Defendants acted in accordance with applicable law and prison procedures that are constitutionally required.

7. Plaintiff failed to state a cognizable constitutional claim under 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. §1983.

8. Plaintiff failed to mitigate damages, if any, and therefore, is barred from seeking any damages hereunder.

9. Plaintiff was himself negligent in his conduct and such negligence is the sole, primary and superseding cause of any damages sustained by him, if any.

10. Plaintiff's punitive damage claims are barred by law.

11. Defendants are immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

12. At all-time relevant, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

13. Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

14. Plaintiff's conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering defendants.

15. Plaintiff's conduct ratified any alleged wrongful conduct by the answering defendants.

16.     Defendants are immune from liability as a matter of law.

17.     Defendants reserve the right to amend their reply to allege additional affirmative defense if subsequent discovery so warrants.

18.     The negligence of Plaintiff caused or contributed to any injuries or damages which Plaintiff may have sustained, and the negligence of these defendants, if any, requires that the damages of Plaintiff be denied or diminished in proportion to the amount of negligence attributable to Plaintiff.

19.     Defendants cannot be sued for monetary damages while acting in their official capacity in a civil rights action.

20.     Plaintiff is estopped from pursuing any claim against defendants in accordance with equitable principles of jurisprudence.

21.     The doctrines of res judicata and/or collateral estoppel bar Plaintiff from asserting the matters set forth in his Amended Complaint and also acts as a bar to any relief sought by Plaintiff.

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiff takes nothing by virtue of his Amended Complaint;

2.     For attorney fees and costs of suit herein.

3.     A jury trial is hereby demanded by Defendants.

DATED this 28th day of May, 2015.

ADAM PAUL LAXALT
Attorney General

By: _____
BENJAMIN R. JOHNSON
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 28th day of May, 2015 I caused to be deposited for mailing, a true and correct copy of the foregoing, **ANSWER TO AMENDED COMPLAINT (Jury Demand),** to the following:

ADAM WYNN TINGLEY #80020
WARM SPRINGS CORRECTIONAL CENTER
P O BOX 7007
CARSON CITY, NV 89702

_____
An employee of the
Office of the Attorney General

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717