Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADAM WYNN TINGLEY,

  Plaintiff,

vs.

DR. R. BRUCE BANNISTER; SUE HOFFMAN; CARI MCCULLOUGH; and JOHN PERRY,

  Defendant(s),

Case No.: 3:14-cv-000358 MMD-VPC

**AMENDED COMPLAINT**

COMES NOW, Plaintiff, ADAM WYNN TINGLEY (the "Plaintiff"), by and through the undersigned counsel, and hereby files the following Amended Complaint against DR. R. BRUCE BANNISTER; SUE HOFFMAN; CARI MCCULLOUGH;" and JOHN PERRY (the "Defendants").

**JURISDICTION OF THE COURT**

1. This Court has jurisdiction over this matter pursuant to 28 United States Code ("USC") §1343(a)(3) and 42 USC §1983.

**PARTIES**

2. Each of the named Defendants below is sued herein in their personal capacity for actions taken against the Plaintiff under the color of state law as described below. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

3. As employees of the Nevada Department of Corrections ("NDOC"), the

named Defendants exercised power over the Plaintiff possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law as NDOC employees. *West v. Atkins*, 487 U.S. 42, 49 (1988).

4. Prison officials, when acting in their official capacity, are acting under color of state law. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

5. Defendant Dr. R. Bruce Bannister was at all relevant times employed by NDOC as Medical Director.

6. Defendant Sue Hoffman is and was at all relevant times employed by the Nevada Department of Corrections at Warm Springs Correctional Center ("WSCC") as a Correctional Nurse.

7. Defendant Cari McCullough is and was at all relevant times employed by the Nevada Department of Corrections at WSCC as a Correctional Nurse.

8. Defendant John Perry is and was at all relevant times employed by NDOC at WSCC as Director of Nursing Services.

## NATURE OF THE CASE

9. The Plaintiff bring this lawsuit against the named Defendants pursuant to 42 USC §1983 for violating the Plaintiff's right to be free from cruel and unusual punishment pursuant to the 8th Amendment to the Constitution. While the Plaintiff was held in the custody of NDOC, the Plaintiff suffered the unlawful delay and/or denial of treatment for a condition of the eye called "pterygium."

10. Pterygium is a painful condition of the eye where the scleral conjunctiva invades the cornea, leading to obscured vision, redness, inflammation, and a feeling that a foreign object had invaded the eye. Failure to property treat pterygium can lead to permanent eye disfigurement and vision problems, including corneal scarring and blindness in varying degrees.

11. The Plaintiff alleges that the named Defendants (1) unlawfully delayed and/or denied the Plaintiff's repeated pleas for eye surgery, and/or (2) knew that the Plaintiff

needed postoperative eye drops for the surgery on his eye to be successful, yet delayed and/or denied the Plaintiff access to the required eye drops. As further explained below, by these actions, the Defendants showed deliberate indifference to the Plaintiff's serious medical needs and pain.

## ALLEGATIONS OF FACT

12. The Plaintiff was incarcerated at various NDOC facilities and/or on parole since in the spring of 2004 until his release in June of 2015.

13. In 2004, the Plaintiff saw an NDOC doctor, who told Plaintiff that he had pterygium in his left eye and needed eye surgery.

14. The Plaintiff repeatedly requested surgery to treat his pteryguim, but NDOC officials, including Dr. Bannister, repeatedly denied the Plaintiff's surgery requests.

15. From February 2004 through June 2006, Plaintiff's pain increased and ultimately he lost all sight in his left eye. Despite having personal knowledge of the Plaintiff's eye problems, Dr. Bannister continued to deny the Plaintiff's surgery requests.

16. In June 2006, Dr. Fisher, an outside surgeon, saw Plaintiff and stated that Plaintiff's eye was in the worst condition that Dr. Fischer had ever seen because of the length of time that the Plaintiffs pterygium was left untreated.

17. On July 12, 2006, Dr. Fisher operated on Plaintiff and prescribed eye drops that were essential to the Plaintiff's recovery. However, NDOC refused to give and/or delayed providing the Plaintiff with necessary postoperative eye drops and Plaintiff's first surgery failed.

18. In 2006, shortly after the first surgery, the Plaintiff's symptoms quickly resurfaced and the Plaintiff again made multiple requests to NDOC, of which Dr. Bannister was aware, for another surgery. Dr. Bannister again delayed and/or denied the Plaintiff's requests for a second surgery.

19. From 2006 to 2014, the Plaintiff suffered from various symptoms, including headaches, obscured vision, and pain.

AMENDED COMPLAINT                                                                                      3

20. The Plaintiff had another eye surgery in February of 2014, performed by Dr. Komadina.

21. After the second surgery, Dr. Komadina prescribed eye drops essential to Plaintiff's successful recovery from the second surgery.

22. On a follow up visit by the Plaintiff shortly after the second surgery to Dr. Komadina, Dr. Komadina became aware that the Plaintiff had not been provided with prescribed postoperative eye drops by NDOC.

23. Dr. Komadina subsequently spoke with Sue Hoffman on more than one occasion and requested that NDOC provide the Plaintiff with the necessary postoperative eye drops.

24. Ms. Hoffman told the Plaintiff that Dr. Komadina had called Ms. Hoffman to request the eye drops. Ms. Hoffman told the Plaintiff that it was not her job to provide the Plaintiff with eye drops.

25. The Plaintiff plead with Ms. McCullough several times requesting the required eye drops. Ms. Hoffman refused to provide the Plaintiff with the eye drops that Dr. Komadina prescribed, despite Dr. Komadina's insistence that she do so; instead Ms. Hoffman insisted that Dr. Komadina provide the required eye drops, which Dr. Komadina told Ms. Hoffman he was unable to do.

26. Subsequent to the second surgery, the Dr. Komadina and/or Dr. Komadina's staff spoke with Ms. McCullough on more than one occasion and requested that NDOC provide the Plaintiff with the necessary postoperative eye drops. The Plaintiff plead with Ms. McCullough several times requesting the required eye drops. Ms. McCullough failed to provide the Plaintiff with the required postoperative eye drops in a timely manner.

27. Subsequent to the second surgery, the Plaintiff plead with John B. Perry several times requesting the required eye drops. Mr. Perry refused to provide the Plaintiff with the eye drops that Dr. Komadina prescribed in a timely manner, stating words equivalent to, "You are just an inmate, you will get your eye drops when you get them."

28. Other NDOC employees, including but not limited to Corrections Officer Holling, made pleas to Sue Hoffman on the Plaintiff's behalf seeking to have his eye drops provided subsequent to the second surgery, which were rebuffed by Ms. Hoffman.

29. NDOC did not provide the Plaintiff with eye drops in a timely manner, and his second eye surgery also failed due to this delay and/or denial.

30. Plaintiff continues to suffer from the symptoms associated with pteryguim and will now require another surgery due to the interruption and delay and/or denial of his second post-surgery treatment. Plaintiff suffers from ongoing and severe emotional and physical pain caused by failure of this surgery, including but not limited to loss of vision, inflammation, tearing, dry and itchy eyes, and headaches.

## CAUSE OF ACTION

## Violation of the Plaintiff's Eighth Amendment Rights to be Free from Cruel and Unusual Punishment

31. The Plaintiff's suffering that was caused by the Defendants delay and/or refusal to provide him with medical care as described above was serious enough to constitute cruel and unusual punishment in violation of the Plaintiff's Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

32. The Defendants, while acting under color of law, by their actions and/or inactions described above, demonstrated deliberate indifference to the Plaintiff's serious medical needs. The indifference towards the Plaintiff's serious medical needs was manifested by the Defendants by intentionally denying and/or delaying access to the eye surgery that the Plaintiff needed to treat pterygium and by ignoring the direction of Dr. Komadina who specifically told the Defendants that the Plaintiff's eye surgery would fail if the Plaintiff was not given required postoperative medication. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (U.S. 1976).

33. The Plaintiff clearly had a serious medical need to receive eye care to treat pterygium as demonstrated by the facts above. The purposeful acts and/or omissions and

failure of the Defendants to provide treatment and required medication to the Plaintiff resulted in further significant injury and the unnecessary and wonton infliction of physical pain and further injury on the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For actual and compensatory damages from the Defendants, in an amount to be determined at trial;

2. For exemplary and punitive damages from the Defendants in an amount to be determined at trial;

3. For attorney fees and costs incurred herein;

4. For nominal damages;

5. Declaratory relief in the form of an order from the Court stating that the actions complained of herein constitute a violation of the Plaintiff's Constitutional rights; and

6. For such other and further relief as this Court may deem appropriate.

Respectfully submitted this Thursday, July 30, 2015

By: _____

Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

AMENDED COMPLAINT                                                                                         6

# CERTIFICATE OF SERVICE

I hereby certify that on this Thursday, July 30, 2015, I electronically transmitted the forgoing pleading to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or mailed the forgoing pleading via US Mail postage prepaid to the following persons:

Benjamin R. Johnson
Deputy Attorney General
State of Nevada - Office of the Attorney General
Public Safety Division - Bureau of Litigation
100 N. Carson Street - Carson City, NV 89701-4717
E: bjohnson@ag.nv.gov

By: /s/ Luke Busby
Luke Busby

# DECLARATION

Adam Wynn Tingley, declares that the assertions in this Declaration are true and correct and based upon his personal knowledge:

(1) That he is the Plaintiff identified in the forgoing AMENDED COMPLAINT.

(2) That he has read the foregoing AMENDED COMPLAINT and knows the Allegations of Fact therein, and is competent to testify thereto.

(3) That the Allegations of Fact in the AMENDED COMPLAINT are true and correct to the best of his personal knowledge, information and belief, and as to those matters he believes them to be true.

I declare under penalty of that the foregoing Declaration is true and correct.

Executed on Thursday, July 30, 2015 in Reno, Nevada.

_____
Adam Wynn Tingley