ADAM PAUL LAXALT
Attorney General
BENJAMIN R. JOHNSON
Deputy Attorney General
Nevada Bar No. 10632
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1254
E-mail:  bjohnson@ag.nv.gov

*Attorneys for Defendants Bruce Bannister, Susan Hoffman,*
*Karry McCullah, and Jonathan Perry*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ADAM WYNN TINGLEY,

               Plaintiff,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

               Defendants.

Case No.  3:14-cv-00358-MMD-VPC

**ANSWER TO SECOND AMENDED COMPLAINT**
**(Jury Demand)**

     Defendants, Bruce Bannister, Susan Hoffman, Karry McCullah (incorrectly named as "Cari McCullough"), and Jonathan Perry, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Benjamin R. Johnson, Deputy Attorney General, hereby answer Plaintiff's Second Amended Civil Rights Complaint (#56) as follows:

## JURISDICTION OF THE COURT

     1.    Defendants admit that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  Defendants deny that jurisdiction is proper on any other basis.

## PARTIES

     2.    Paragraph 2 contains conclusions and statements of law and no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

3.     Paragraph 3 contains conclusions and statements of law and no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

4.     Paragraph 4 contains conclusions and statements of law and no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

5.     Defendants admit that Dr. Bruce Banister was employed by the Nevada Department of Corrections ("NDOC") as Medical Director.

6.     Defendants admit that Sue Hoffman is employed by the NDOC as a Correctional Nurse II at Warm Springs Correctional Center ("WSCC").

7.     Defendants admit that Kerry McCullah (sued as Cari McCullough) is employed by the NDOC as a Correctional Nurse at WSCC.

8.     Defendants admit that Jonathan Perry is employed by the NDOC as Director of Nursing at WSCC.

## NATURE OF THE CASE

9.     Defendants admit Plaintiff had a condition called "pterygium."  Defendants deny the remaining allegations in this paragraph.

10.    Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 10 and therefore deny any and all allegations in this paragraph.

11.    Defendants deny.

## ALLEGATIONS OF FACT

12.    Defendants admit.

13.    Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 13 and therefore deny any and all allegations in this paragraph.

14.    Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 14 and therefore deny any and all allegations in this paragraph.

15.    Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 15 and therefore deny any and all allegations in this paragraph.

16.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 16 and therefore deny any and all allegations in this paragraph.

17.     Defendants admit that Dr. Fisher operated on Plaintiff.   Defendants deny the remaining allegations in paragraph 17.

18.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 18 and therefore deny any and all allegations in this paragraph.

19.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 19 and therefore deny any and all allegations in this paragraph.

20.     Defendants admit Plaintiff had a second eye surgery performed by Dr. Komadina.

21.     Defendants admit that Dr. Komadina prescribed eye drops following the second surgery.  Defendants deny the remaining allegations in paragraph 21.

22.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 22 and therefore deny any and all allegations in this paragraph.

23.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 23 and therefore deny any and all allegations in this paragraph.

24.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 24 and therefore deny any and all allegations in this paragraph.

25.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 25 and therefore deny any and all allegations in this paragraph.

26.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 26 and therefore deny any and all allegations in this paragraph.

27.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 27 and therefore deny any and all allegations in this paragraph.

28.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 28 and therefore deny any and all allegations in this paragraph.

29.     Defendants deny.

///

30.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in paragraph 30 and therefore deny any and all allegations in this paragraph.

## CAUSE OF ACTION

31.     Defendants deny.

32.     Defendants deny.

33.     Defendants deny.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any of the relief sought in the Second Amended Complaint on page 6.

## AFFIRMATIVE DEFENSES

Defendants, individually and collectively, also assert the following Affirmative Defenses:

1.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     Defendants were not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

3.     This action is time-barred by applicable statutes of limitations.

4.     Defendants at all relevant times acted in good faith toward Plaintiff, therefore, Defendants are entitled to qualified good faith immunity from damages.

5.     Defendants are entitled to qualified and absolute immunity.

6.     At all relevant times herein, Defendants acted in accordance with applicable law and prison procedures that are constitutionally required.

7.     Plaintiff failed to state a cognizable constitutional claim under 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. §1983.

8.     Plaintiff failed to mitigate damages, if any, and therefore, is barred from seeking any damages hereunder.

9.     Plaintiff was himself negligent in his conduct and such negligence is the sole, primary and superseding cause of any damages sustained by him, if any.

10.     Plaintiff's punitive damage claims are barred by law.

11.     Defendants are immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

12.     At all-time relevant, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

13.     Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

14.     Plaintiff's conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering defendants.

15.     Plaintiff's conduct ratified any alleged wrongful conduct by the answering defendants.

16.     Defendants are immune from liability as a matter of law.

17.     Defendants reserve the right to amend their reply to allege additional affirmative defense if subsequent discovery so warrants.

18.     The negligence of Plaintiff caused or contributed to any injuries or damages which Plaintiff may have sustained, and the negligence of these defendants, if any, requires that the damages of Plaintiff be denied or diminished in proportion to the amount of negligence attributable to Plaintiff.

19.     Defendants cannot be sued for monetary damages while acting in their official capacity in a civil rights action.

20.     Plaintiff is estopped from pursuing any claim against defendants in accordance with equitable principles of jurisprudence.

21.     The doctrines of res judicata and/or collateral estoppel bar Plaintiff from asserting the matters set forth in his Second Amended Complaint and also acts as a bar to any relief sought by Plaintiff.

///

///

//

///

1   WHEREFORE, Defendants pray for relief as follows:

2       1.      That Plaintiff takes nothing by virtue of his Second Amended Complaint;

3       2.      For attorney fees and costs of suit herein.

4       3.      A jury trial is hereby demanded by Defendants.

5   DATED this 14th day of August, 2015.

6                                   ADAM PAUL LAXALT
                                    Attorney General
7

8                           By: _____
                                    BENJAMIN R. JOHNSON
9                                   Deputy Attorney General
                                    Bureau of Litigation
10                                   Public Safety Division

11                                   *Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2        I certify that I am an employee of the Office of the Attorney General, State of Nevada,

3 and that on this 14th day of August, 2015, I caused to be served a copy of the foregoing

4 **ANSWER TO SECOND AMENDED COMPLAINT (Jury Demand)**, by U.S. District Court

5 CM/ECF Electronic Filing to:

6 Luke Busby, Attorney for Plaintiff
  Luke Andrew Busby, Ltd.
7 216 East Liberty Street
  Reno, NV 89501
8 luke@lukeandrewbusbyltd.com

9

10

11                                    _____
                                       An employee of the
12                                     Office of the Attorney General

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28