Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADAM WYNN TINGLEY,

   Plaintiff,

vs.

DR. R. BRUCE BANNISTER, *ET AL.*,

   Defendant(s),

Case No.: 3:14-cv-000358 MMD-VPC

**CASE MANAGEMENT REPORT**

In accordance with the Court's October 9, 2015 Minute Order (Document 59) Plaintiff ADAM WYNN TINGLEY and Defendants R. BRUCE BANNISTER *et al.*, by and through the undersigned counsel, hereby submit the following Case Management Report in the above-referenced matter.

*1. A short statement of the nature of the case (three pages or less), including a description of each claim and defense;*

This matter comes before the Court as a result of a complaint filed by the Plaintiff alleging that the Defendants subjected the Plaintiff to cruel and unusual punishment by denying and/or delaying medical care while the Plaintiff was incarcerated by the Nevada Department of Corrections ("NDOC"). While the Plaintiff was held in the custody of

NDOC, the Plaintiff alleges he suffered the unlawful delay and/or denial of treatment for a condition of the eye called "pterygium." The Plaintiff alleges that the named Defendants, who were employees of NDOC acting under the color of law: (1) unlawfully delayed and/or denied the Plaintiff's repeated pleas for eye surgery, and/or (2) knew that the Plaintiff needed postoperative eye drops for the surgery on his eye to be successful, yet delayed and/or denied the Plaintiff access to the required eye drops and as such, the Defendants showed deliberate indifference to the Plaintiff's serious medical needs and pain.

Defendants have asserted affirmative defenses as listed in the Answer to Second Amended Complaint (#57). Generally, Defendants contend that Plaintiff received treatment while incarcerated by the NDOC and medical staff were not deliberately indifferent to his care. Defendants further argue that Plaintiffs claims are limited by the statute of limitations. Finally, Defendants will argue that Plaintiff misused or failed to request medication thereby causing the reoccurrence of his condition.

*2. A description of the principal factual and legal disputes in the case;*

The principal factual and legal disputes in this case are as follows:

(1) Whether the Defendants delayed and/or denied medical care to the Plaintiff as he alleges, i..e. whether the Plaintiff can prove the facts that he alleged in the Amended Complaint.

(2) Whether, if proven, the alleged delay and or denial of treatment was substantial enough to constitute deliberate indifference to the Plaintiffs serious medical needs;

(3) The extent and nature of the Plaintiff's damages;

(4) Whether the Defendants are entitled to qualified immunity.

*3. The jurisdictional bases for the case, citing specific jurisdictional statutes;*

This Court has jurisdiction over this matter pursuant to 28 United States Code ("USC") §1343(a)(3) and 42 USC §1983.

4. *Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;*

Each of the named Defendants in this matter has appeared by answering the Plaintiff's Second Amended Complaint (Doc. 57 page 1 line 17)

5. *A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference);*

The Plaintiff does not expect to add any additional defendants at this time, but reserves the right to do so should facts acquired during discovery in this matter reveal that other defendants should be named.

6. *A list of contemplated motions and a statement of issues to be decided by these motions;*

The Plaintiff does not expect to file any pretrial motions in this matter, but reserves the right to do so should the need arise.

Defendants expect to file a motion for summary judgment should the case proceed.

7. *Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;*

There are no pending motions that affect the ability of the parties to comply with a case management order.

8. *The status of related cases pending before other courts or other judges of this court;*

There are no such related cases.

9. *Any further supplemental discussion of necessary discovery, including:*

a. *The extent, nature, and location of discovery anticipated by the parties;*

The parties have engaged in one round of discovery. The deposition of the Plaintiff's expert, Dr. Thomas Komadina, is scheduled to occur on November 4, 2015.

*b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);*

The parties have no suggested revisions at this time.

*c. The number of hours permitted for each deposition, unless extended by the parties.*

The parties agree to limit depositions to one day of seven hours unless otherwise stipulated by the parties.

*10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (see Rules 16(b)(5), 26(f)(3); and 33(d)).*

The parties have no such issues to bring to the Court's attention at this time.

*11. A discussion of any issues related to claims of privilege or work product (see Rules 16(b)(3)(B)(iv) and 26(f)(3)(D));*

The parties have no such issues to bring to the Court's attention at this time.

*12. Unless the Court has already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1:*

The Court has already approved a Scheduling Order in this matter (Doc. 41).

*13. If this is a patent case, the parties shall review the Local Rules of Practice for Patent Cases LR 16.1-1 through 16.1-21 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart;*

This is not a patent case.

*14. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);*

The Defendants have demanded a jury in this matter. The Plaintiff does not contest this request.

*15. The estimated length of trial and any suggestions for shortening the trial;*

The parties estimate that this matter will require five days for trial.

*16. The prospects for settlement, including any request of the court for assistance in settlement efforts;*

The parties believe that a settlement conference with Court would be helpful in getting this case resolved and requests as much.

*17. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.*

The Parties have no such issues to bring to the Court's attention at this time.

RESPECTFULLY SUBMITTED:

Dated: Friday, October 9, 15                Dated: Friday, October 9, 2015

_____                   _____
LUKE ANDREW BUSBY, ESQ.                     ADAM LAXALT
LUKE ANDREW BUSBY, LTD.                     ATTORNEY GENERAL
                                            BENJAMIN R. JOHNSON
Attorney for Plaintiff                      DEPUTY ATTORNEY GENERAL
                                            STATE OF NEVADA - OFFICE OF THE
                                            ATTORNEY GENERAL

                                            Attorneys for Defendants