ADAM PAUL LAXALT
Attorney General
BENJAMIN R. JOHNSON
Deputy Attorney General
Nevada Bar No. 10632
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1254
E-mail: bjohnson@ag.nv.gov

*Attorneys for Defendants Bruce Bannister, Susan Hoffman, Karry McCullah, and Jonathan Perry*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADAM WYNN TINGLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 3:14-cv-00358-MMD-VPC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendants, Bruce Bannister, Susan Hoffman, Karry McCullah (incorrectly named as "Cari McCullough"), and Jonathan Perry, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Benjamin R. Johnson, Deputy Attorney General, hereby submit their Reply in Support of Defendants' Motion for Summary Judgment. This reply is based on the following memorandum of points and authorities and all papers and pleadings on file in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    DISCUSSION**

    **A. Plaintiff Fails to Raise Any Genuine Issues of Material Fact**

Plaintiff is obligated to provide credible evidence to establish a genuine issue of material fact for trial. *See e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). Plaintiff has failed to do so. Specifically, Plaintiff must provide "any significant probative evidence tending to support the [allegations of the] complaint." *Anderson*, 477 U.S.

at 247–248 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290 (1968)). Where a motion for summary judgment is properly made and supported, as in this particular case, the Plaintiff cannot rely on his conclusory allegations or denials. *Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir. 1986).

Once the moving party has carried its burden under Rule 56, the nonmoving party must set forth specific facts showing that there is a genuine issue of fact for trial and may not rely on the mere allegations in the pleadings. *Allen v. U.S.*, 946 F. Supp. 2d 1239, 1252 (D. Nev. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (internal quotation marks omitted)). "In setting forth specific facts, the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers." *Allen*, 946 F. Supp. 2d at 1252. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Id.* Further, the Ninth Circuit has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony. *Id.* "Conclusory allegations unsupported by factual data cannot defeat summary judgment." *Allen*, 946 F. Supp. 2d at 1252.

A triable issue of material fact does not mean simply that there are two versions of events; rather, the nonmovant's evidence should be such that a "fair minded jury could return a verdict for [him or her] on the evidence presented." *Anderson,* 477 U.S. at 255.

Further, "[w]hen there is a failure to produce such substantial factual evidence to combat summary judgment and there is overwhelming evidence favoring the moving party, it may be unreasonable to draw an inference contrary to the movant's interpretation of the facts," and therefore summary judgment would be appropriate. *Barnes v. Arden Mayfair, Inc.,* 759 F.2d 676, 681 (9th Cir. 1985) (citing *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 277–279, 285–86) (internal quotations omitted)

Plaintiff argues that the summary judgment motion should be denied because there are disputed facts, but he does not surmount the obstacle of showing how or why a reasonable juror is likely to find for him. Because Plaintiff cannot demonstrate likelihood of a verdict in his favor given the evidence, summary judgment must be granted to the Defendant.

### B. The Statute of Limitations is Not Equitably Tolled

Plaintiff argues that the statute of limitations should be equitably tolled because he diligently pursued treatment for his eye condition and was not aware of what caused the failure of his first surgery until he consulted with Dr. Komadina. #73 at 19. But diligence in pursuing treatment for a medical condition is different from diligence in pursuing a legal claim prior to the expiration of the statute of limitations.

"[E]quitable tolling focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. *City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd.*, 127 Nev. Adv. Op. 57, 261 P.3d 1071, 1077 (2011) (citations and quotes omitted); *see also* BLACK'S LAW DICTIONARY 618 (9th ed. 2009) (equitable tolling is defined as "[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired").

In the only case cited by Plaintiff on this issue, the U.S. District Court held that a claim was tolled to allow a Plaintiff to finish exhausting his administrative remedies. *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004). "Courts have allowed tolling while a plaintiff exhausts his administrative remedies. However, in *Wisenbaker,* plaintiff exhausted his administrative remedies. Here, plaintiff did not exhaust his administrative remedies as to these claims. The purpose of tolling in such cases is to ensure that the plaintiff has an opportunity to complete the mandatory exhaustion process without being prejudiced by the statute of limitations." *Schiro v. Clark*, No. 3:10-CV-00203-RCJ, 2011 WL 7116315, at *6 (D. Nev. Dec. 8, 2011) *report and recommendation adopted*, No. 3:10-CV-00203-RCJ, 2012 WL 275392 (D. Nev. Jan. 31, 2012). Plaintiff's case is distinguishable from *Wisenbaker* because in this action, Plaintiff did not exhaust his administrative remedies.

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. A cause of action 'accrues' when a

1 suit may be maintained thereon." *Clark v. Robison*, 113 Nev. 949, 951, 944 P.2d 788 (1998).
2 As summarized by the Nevada Supreme Court:

> The general rule concerning statutes of limitations is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. . . .

*Petersen v. Bruen*, 106 Nev. 271, 274 (1990).

Plaintiff has not alleged that Defendant Bannister did anything to conceal his condition or otherwise act in a way that would have prevented him from learning his injury.  Plaintiff also fails to address the other factors enunciated in *Wisenbaker*.  First, Plaintiff was not diligent in pursuing his claim.  Second, Plaintiff had knowledge of all of the relevant facts and knew that he had a reoccurring eye condition.  Third, Plaintiff does not allege that any Defendants made any "authoritative" statements that would have misled him about the nature of his rights.  Fourth, there are no allegations or evidence that any defendant made deceptive or false assurances to Plaintiff.  Fifth, Defendants would be prejudiced because Plaintiff's claims date back more than 12 years.  During that time, Plaintiff did not diligently pursue his claim or otherwise take any action to preserve his claims.  Finally, equity favors the Defendants because Plaintiff was in and out of incarceration several times during the time period alleged in the complaint and there is no evidence that Plaintiff did anything when he was out of prison to obtain treatment for his condition.

Plaintiff has failed to demonstrate that the statute of limitations should be equitably tolled.  Plaintiff's Complaint was filed on September 18, 2014.  The applicable statute of limitations as explained above is two years.  Therefore, Plaintiff is limited to those deliberate indifference claims that occurred between September 18, 2012, and September 18, 2014.  Plaintiff does not dispute the fact that there is no evidence that Dr. Bannister delayed or denied treatment during this time period and is entitled to summary judgment.

### C. Plaintiff Failed to Exhaust His Eighth Amendment Claim Regarding Post-Surgical Care

Plaintiff argues that a grievance regarding the delay in receiving surgery, filed before the surgery occurred, should also cover any complaints regarding post-operative care.  #73 at

19. Plaintiff filed a grievance on October 26, 2013, complaining about not receiving eye surgery. #66-12 at 20. Plaintiff's remedy was to be sent to Dr. Komadina for surgery. #73 at 22. Plaintiff's second level grievance was filed on March 5, 2014, after he received surgery by Dr. Komadina. #66-12 at 1. In his Opposition, Plaintiff states that he was having trouble receiving eye drops as early as February 19, 2014. #73 at 12. But despite having knowledge of the issue, Plaintiff does not state anything regarding eye drops in his second level grievance. Complaints regarding the delay in receiving treatment do not put the NDOC on notice regarding the alleged lack of receiving post-operative treatment. The two claims are entirely separate because the delay in receiving treatment is directed at Dr. Bannister while the lack of receiving eye drops is directed to the other defendants. The two claims involve different defendants and a different set of facts. This is not a single medical issue as Plaintiff alleges.

     Plaintiff alleges that if he filed a separate grievance regarding the lack of eye drops, he could have been subject to discipline for filing a grievance that has been previously made. But Plaintiff cites no evidence to support this claim. An inmate cannot file a single grievance and expect it to cover multiple claims simply because they fall under the Eighth Amendment's prohibition against deliberate medical indifference. The United States Supreme Court has explained the rationale behind the exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

*Porter v. Nussle*, 534 U.S. 516, 525 (2002). In this case, Plaintiff's single grievance would not have put the NDOC on notice of his claim regarding eye drops and allow them the opportunity to engage in corrective action in order to obviate the need for litigation. Plaintiff does not deny that he did not file a grievance regarding the eye drops. Therefore, Plaintiff failed to exhaust his administrative remedies and Defendants are entitled to summary judgment.

///

### D. Defendants Were Not Deliberately Indifferent

#### 1. Dr. Bannister

Plaintiff did not file a grievance regarding the delay in receiving eye surgery until October 26, 2013. By that time, Dr. Bannister had retired from the NDOC. Any claims against Dr. Bannister prior to his retirement would be barred by the PLRA because Plaintiff did not file his grievance on the issue until October 2013. #66 at 13. Plaintiff cannot demonstrate that Dr. Bannister was deliberately indifferent during the statute of limitations period because Plaintiff was seen by Dr. Seljestad on May 29, 2013, and by the time his grievance was filed, he had been seen by Dr. Komadina. *Id.* Therefore, Dr. Bannister is entitled to summary judgment as no reasonable jury could find that he was deliberately indifferent to Plaintiff's medical care.

#### 2. Defendants Perry, Hoffman and McCullah

Plaintiff's claims against DON Perry, Nurse Hoffman, and Nurse McCullah are barred by the PLRA because Plaintiff failed to grieve claims related to his eye drops. Assuming, however, that the Court disregards the PLRA argument, there is no evidence to demonstrate that Mr. Perry, Ms. Hoffman, or Ms. McCullah were deliberately indifferent to Plaintiff's medical care.

Plaintiff argues that Dr. Komadina has testified that Tobradex was essential to the success of Plaintiff's surgery. #73 at 23. But this misstates the testimony of Dr. Komadina. Dr. Komadina stated that it was critical to "try and get their eye quieted down as quickly as possible with the steroidal medication so that they potentially don't form new scar tissue." #73-4 at 18. Dr. Komadina never states that only Tobradex can accomplish this objective. Plaintiff does not deny that he was given an equivalent eye drop. Dr. Komadina testified that he did not have access to prescription logs or records showing the medication Plaintiff received. #73-4 at 37. Dr. Komadina's knowledge regarding the lack of eye drops came from Plaintiff telling him that he was not receiving medication. But the medical records demonstrate that he received Tobradex, Keterolac, Maxitrol, Decadron, and artificial tears. #66 at 14. Plaintiff does not dispute this fact. There is no evidence that Defendants Perry, Hoffman or

McCullah delayed or denied Plaintiff medication following his second eye surgery. Therefore, Defendants are entitled to summary judgment.

### E. Qualified Immunity Shields Defendants From Liability

Plaintiff cannot demonstrate based upon the allegations in his complaint that Defendants violated any of his rights, let alone did so knowingly. As previously discussed, Defendants did not ignore Plaintiff. Plaintiff was provided with outside consults, pain medication, and numerous prescriptions of eye drops. No reasonable official in their position would have believed that their conduct was unlawful. Therefore, Defendants are entitled to qualified immunity.

## II. CONCLUSION

Based on the foregoing reasons, the Defendants respectfully request this Court grant Defendants' Motion for Summary Judgment.

DATED this 22nd day of March, 2016.

ADAM PAUL LAXALT
Attorney General

By: _____
BENJAMIN R. JOHNSON
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 22nd day of March, 2016, I caused to be served a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**, by U.S. District Court CM/ECF Electronic Filing to:

Luke Busby, Attorney for Plaintiff
Luke Andrew Busby, Ltd.
216 East Liberty Street
Reno, NV 89501
luke@lukeandrewbusbyltd.com

/s/ *signature*
An employee of the
Office of the Attorney General

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717