Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM WYNN TINGLEY,<br><br>                    Plaintiff(s),<br>          vs.<br><br>DR. R. BRUCE BANNISTER, et al.<br><br><br>                    Defendant(s).<br>_____/ | Case No. 3:14-cv-000358 MMD-VPC<br><br>**MOTION TO SUPPLEMENT OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

    1.    COMES NOW, Plaintiff, ADAM WYNN TINGLEY ("Tingley"), by and through the undersigned counsel, pursuant to Local Rule 7-2(g), and hereby files the following Motion to Supplement Tingley's Objections to Magistrate Judge's Report and Recommendations (Doc. 81) filed in this matter on June 16, 2016 to bring to this Court's attention a recently decided case.

## POINTS AND AUTHORITIES

    2.    On June 6, 2016, two days before the June 8, 2016 Magistrate Judge's Report

and Recommendations ("R&R") (Doc. 80) was issued, and months after the pleadings on the underlying Motion for Summary Judgment (Doc. 66) were field, the US Supreme Court issued a ruling in *Ross v. Blake*, 2016 U.S. LEXIS 3614 (U.S. June 6, 2016), a copy of the slip opinion for which is attached hereto as Exhibit 1.   The *Ross v. Blake* decision made the following rulings on applicability of the exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), which are directly relevant to issues addressed in the pleadings and the R&R:

    a.  An inmate must exhaust available remedies, but need not exhaust unavailable ones.  *Id.* at 16-17;

    b.  An administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.   In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it. When rules are so confusing that no reasonable prisoner can use them, then they're no longer available. When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion. But when a remedy is essentially unknowable — so that no ordinary prisoner can make sense of what it demands — then it is also unavailable. *Id.* at 19; and

    c.  An administrative remedy is not available when prison administrators

thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Id.* at 21.

3.     Applying this decision to Tingley's case, and as described in the underlying Objections to Magistrate Judge's Report and Recommendations (Doc. 81): (1) Tingley exhausted the administrative remedies available.  He did not file numerous grievances for the same specific issue of delay and denial of treatment for pterygium because doing so would have subjected him to discipline under AR 740.02(4) and (5): (2) No ordinary prisoner (or ordinary person) could make sense of what AR 740.02(2)(B) means when it prohibits prisoners from filing multiple grievances on the same "specific" issue, as "specific" is not defined anywhere in NDOC's ARs; and (3) Prisoners in NDOC's custody, including Tingley, are thwarted by "machination, misrepresentation, or intimidation," i.e. a prisoner is threatened with punishment in AR 740.02(2)(B) if multiple grievances are filed for the same specific issue.

4.     Given that the *Ross v. Blake* decision was very recently issued in the midst of the pleading process of the underlying Motion, the Plaintiff requests that the Court find that good cause exists to grant this Motion.

///

///

///

///

BASED ON THE FOREGOING, the Plaintiff requests that the Court grant this Motion and weigh the impact of the *Ross v. Blake* decision in evaluating the R&R.

RESPECTFULLY submitted this June 18, 2016.

By: _____
Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this June 18, 2016, I electronically transmitted the foregoing pleading to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or mailed the foregoing pleading via US Mail postage prepaid to the following persons:

Benjamin R. Johnson
Deputy Attorney General
State of Nevada - Office of the Attorney General
Public Safety Division - Bureau of Litigation
100 N. Carson Street - Carson City, NV 89701-4717
E: bjohnson@ag.nv.gov

By: _____
Luke Busby

Exhibit List

1.  Ross v. Blake, 578 U. S. _____ (2016).